IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN T. LONG,

    Petitioner,

    v.

MICHAEL A. JOHNSTON, COMMANDANT,

    Respondent

Case No. 21-3288-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. s 2241. Petitioner, a former active-duty member of the United States Army, is in custody at the United States Disciplinary Barracks (USDB), Fort Leavenworth, Kansas. The petition challenges actions by three Discipline and Adjustment (D & A) Boards[1] at the USDB. Respondent filed an Answer and Return that addresses the merits of petitioner's claims, and petitioner submitted a traverse. For the reasons that follow, the court denies relief.

### Background

On June 30, 2017, a three-member D & A Board found petitioner guilty of profiteering/racketeering. The Board recommended sanctions of up to 30 days disciplinary segregation and forfeiture of 30 days abatement to confinement. It also recommended a 180-day suspension of forfeiture of fifteen days abatement to confinement. On August 1, 2017, petitioner received a notice of the decision which advised that he was eligible to appeal. Petitioner refused

---

[1] Inmate D & A Boards are administrative hearings conducted inside the USDB to consider alleged violations of institutional rules by prisoners, and, if violations are substantiated, to recommend appropriate discipline. (Doc. 7, Ex. 1, par. 3, Declar. of Raymond Jones.)

to sign the record. On September 7, 2017, the USDB Deputy Commandant approved the Board's recommendation.

On May 18, 2018, another three-member D & A Board found petitioner not guilty of interfering with count, but guilty of the lesser charge of loitering, a Category I offense. The Board recommended petitioner receive a reprimand. On June 4, 2018, the USDB Deputy Commandant approved the recommendation. On July 3, petitioner received a copy of the results and notice that he was not eligible to appeal. Petitioner signed the record and marked the form to show that he did not plan to appeal.

On April 15, 2019, a one-member D & A Board found petitioner not guilty of disobedience but guilty of cell alteration, a Category II offense. The Board recommended that petitioner receive a reprimand. On April 19, 2019, the USDB Deputy Commandant approved the recommendation. On April 29, 2019, petitioner received a copy of the results and notice that he was not eligible to appeal. Petitioner refused to sign the record, and the refusal was noted on the form.

On December 27, 2021, petitioner filed this action, alleging (1) the D & A board members violated due process by failing to properly charge him or give timely notice of additional charges and finding him guilty without meaningful review; (2) the D & A board members subjected him to due process and double jeopardy violations; and (3) the D & A board members denied him due process by failing to identify the evidence or information used to find him guilty of profiteering/racketeering.

**Standard of review**

A petitioner seeking habeas corpus relief must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2

"For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). An inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487.

Prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," and therefore, the "full panoply of rights due a defendant in [criminal] proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 561 (1974); *see also Abdulhaseeb v. Ward*, 173 F. App'x 658, 661 (10th Cir. 2006).

In *Wolff*, the Supreme Court established the due process requirements for a prison disciplinary proceeding, stating that the accused inmate must receive: (1) "advance written notice of the claimed violation" no less than 24 hours prior to the hearing; (2) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff*, 418 U.S. at 563–66 (citations omitted); *see also Abdulhaseeb*, 173 F. App'x at 661 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). The forfeiture of good time credits comports with procedural due process only if the disciplinary findings are "supported by some evidence in the record." *Hill*, *id.*

## Discussion

Grounds 1 and 2

3

In Grounds 1 and 2, petitioner asserts claims of due process violations in the D & A Boards held on May 18, 2018, and April 15, 2019. The court has reviewed the record and agrees that petitioner is not entitled to habeas corpus relief on these claims. The reprimands imposed as sanctions in those actions did not impact the duration of petitioner's confinement and did not implicate a liberty interest.

The Tenth Circuit has explained:

> Virtually all prisoners are subject to numerous restrictions, and violations typically carry a variety of sanctions. These sanctions affect a liberty interest only when they restrain freedom significantly and atypically "in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Barela v. Martin*, 830 F. App'x 252, 254 (10th Cir. 2020).

In *Barela*, the Tenth Circuit held that a liberty interest could not be inferred "from the loss of time for recreation or television, placement in restricted housing, or prejudice to the bid for commutation." *Barela, id*. The court stated that the brief loss of television and recreation privileges are common sanctions in prisons, "so they couldn't possibly trigger a liberty interest." *Id*. (citations omitted). Similarly, the reprimands in question here are not a significant or atypical restraint and do not support the existence of a liberty interest. And, as in *Barela*, the court will not infer the existence of a liberty interest based upon petitioner's claim that he may be denied credit for a "good year" due to disciplinary convictions.

Ground 3

The petitioner's remaining claim asserts that his due process rights were violated when the June 30, 2017, D & A Board failed to identify the evidence that was considered in finding him guilty of profiteering/racketeering[2].

---

[2] In the context of a D & A Board, Profiteering/Racketeering is a Category IV Offense, and is defined as "The loaning, buying, selling, trading, transferring, receiving, or lending of property, services or anything of value

4

On May 15, 2017, petitioner received advance written notice of the alleged violation of profiteering/racketeering. The D & A Board was held on June 30, 2017, considerably more than 24 hours later. (Doc. 7, Exs. 6 and 7). At the D & A Board, petitioner was given the opportunity to call witnesses and present evidence. He did not request witnesses, but he testified that he was selling personal property outside the facility to raise money for legal representation. He denied selling anything to anyone inside the facility. He also stated that in telephone conversations with family members he spoke "in hyperboles". (Doc. 7, Ex. 8 at 4).

The D & A Board found petitioner guilty and issued a written statement describing the evidence it relied upon and the reason for the recommended disciplinary action. The "Rationale for Finding(s)" states that "[e]vidence in the case file led the board to find the inmate guilty to the charge of Profiteering/Racketeering IV." (Doc. 7, Ex. 8 at 3). The Prisoner Disciplinary Report filed on May 9, 2017, states that "DURING THE COURSE OF TELEPHONE SCREENING OVER MULTIPLE DAYS, MPI DISCOVERED INMATE LONG, JOHN (REG. #94639), IS, OR HAS ATTEMPTED TO, EXTORT MONEY FROM OTHER INMATES WITHIN THE FACILITY." (Doc. 7, Ex. 4 at 1).

In the "Rationale For Recommended Action(s)," the D & A Board wrote:

> "[t]he inmate's prior board history and the circumstances of the incident led to the recommendations shown on the MCC Form 4-2. The inmate's recorded telephone conversations seemed to indicate that he was expecting payments from individuals inside the facility. Specifically, the inmate stated in the audio to the words of the effect of 'If you don't receive the money, I am going to whip somebody's ass, then they are going to put me in the hole.'"

(Doc. 7, Ex. 8 at 5).

---

for profit, increased return or something of value." Doc. 7-1 at p. 181, Army Corrections Command (ACC) Policy Letter, #8 – Institutional Offense Policy.

The court reviews this finding under the narrow standard established in *Hill*, namely, that due process is satisfied "if there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Hill*, 472 U.S. at 455. Here, the decision of the D & A Board is supported by the telephone conversation in which petitioner stated that he would take action if funds were not received and that he expected to be placed in segregation if he did so. Given his confinement, the logical conclusion is that he expected payment from someone inside the facility. While no victim was identified during the investigation, the petitioner's statements are sufficient evidence to support the finding against him under the *Hill* standard.

## Conclusion

For the reasons set forth, the court finds petitioner is not entitled to habeas corpus relief. The 2018 and 2019 D & A Boards that resulted in sanctions of reprimand did not implicate a liberty interest, and the 2017 D & A Board provided sufficient due process and an adequate evidentiary basis.

THE COURT THEREFORE ORDERS that the petition for habeas corpus is dismissed and all relief is denied.

IT IS SO ORDERED.

Dated: April 28, 2022                            /s/  John W. Lungstrum
                                                 JOHN W. LUNGSTRUM
                                                 UNITED STATES DISTRICT JUDGE